UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| FRANK MARCHANTE, | } | Case No. 5:22-cv-481 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| | } | |
| I.C. SYSTEM, INC., | } | |
| DEFENDANT | } | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff FRANK MARCHANTE, through his attorney, brings this action to challenge the actions of Defendant I.C. SYSTEM, INC. for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the

type described within this complaint, and to protect consumers like Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5. This action partially arises out of Defendant's violations of the FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and Defendant's violations of the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

7. Because all tortious conduct occurred while Plaintiff resided in the City of Inverness, County of Citrus, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8. Plaintiff is a natural person.

9. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) because Defendant used instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Fla. Stat. § 559.55(6), because he was allegedly obligated to

pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Specifically, Plaintiff was allegedly obligated to pay a debt surrounding his "ATT DirecTV" household cable services.

11. Plaintiff is a "debtor" and "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Fla. Stat. § 559.55(8) because he was allegedly obligated to pay a debt.

## FACTUAL ALLEGATIONS

12. At some point in the past, Plaintiff had a personal account with ATT DirecTV for household cable services. When Plaintiff canceled those services, ATT DirecTV requested Plaintiff return equipment to them. Plaintiff did so and retained receipts and proof of his return of that equipment. Nevertheless, ATT DirecTV charged Plaintiff for the equipment and then sent him to collections for it. Over time, several different collectors showed up, and each time Plaintiff sent them a letter disputing the debt. Most of them went away.

13. In late February, early March, 2022, Defendant mailed Plaintiff an undated dunning letter seeking to collect on the alleged debt described in paragraphs 10 and 12, above. Shortly thereafter, Plaintiff mailed Defendant a letter demanding validation of the debt, demanding proof of Defendant's legal ability to collect debts in Florida, and demanding that Defendant cease all communication until Defendant provided Plaintiff with the aforementioned validation and proof of Defendant's legal ability to collect debts in Florida.

14. On April 19, 2022, Defendant mailed Plaintiff a letter saying "COMMUNICATIONS ARE CEASED" and additionally saying "We will honor your request that [we] cease communication with you regarding the debt specified in the Account Summary. We are terminating further collection efforts and will not communicate with you again unless you contact us and request us to do so."

15. Nevertheless, Defendant maintains negative tradelines on Plaintiff's credit reports surrounding the alleged debt described in paragraphs 10 and 12, above. Specifically, Defendant "updated" these negative tradelines as recently as September 5, 2022 with false, inaccurate derogatory information surrounding the alleged debt described in paragraphs 10 and 12, above.

16. The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Therefore, conveying information regarding a debt to a credit bureau constitutes "communication" as defined by the FDCPA.

17. Plaintiff had to spend time and energy consulting with an attorney surrounding Defendant's tortious conduct; time and energy he would not have had to have spent if not for Defendant's tortious conduct. Furthermore, Plaintiff suffered frustration, annoyance, and stress as a result of Defendant's tortious conduct.

18. Additionally, Plaintiff does not owe and never has owed the alleged debt described in paragraphs 10 and 12, above.

## FIRST CLAIM FOR RELIEF

**Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq.**

19. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-18, as if fully set forth herein.

20. By communicating with Plaintiff for debt collection purposes and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff that Plaintiff does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(2)(A).

21. By communicating with Plaintiff for debt collection purposes and using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(10).

22. By communicating with Plaintiff for debt collection purposes that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

23. By communicating with Plaintiff for debt collection purposes after receiving written notification that Plaintiff demanded Defendant cease communication with Plaintiff, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692c(c).

24. By communicating with Plaintiff for debt collection purposes after receiving written notification that Plaintiff demanded Defendant provide Plaintiff with verification of the alleged debt, and without having provided verification, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(b).

25. The FDCPA provides for actual damages and for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(1-2).

26. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

27. 15 U.S.C. § 1692k(a)(1-2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

28. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Defendant's violations of the FCCPA, Fla. Stat. § 559.55, et seq.**

29. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-18, as if fully set forth herein.

30. By communicating with Plaintiff for debt collection purposes and claiming, attempting, or threatening to enforce a debt when Defendant knows that the debt is not legitimate, Defendant has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(9).

31. The FCCPA provides for actual damages and statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

32. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

33. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the Defendant from further violations of this part, Fla. Stat. § 559.77(2).

34. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

35. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

    (d) Punitive damages in the maximum amount the court deems proper and may provide;

    (e) And any other relief as the court deems proper and may provide.

Plaintiffs requests a jury for all claims so triable.

    Respectfully submitted this 25th day of October, 2022,

        By Plaintiff's attorney: /s/ Nicholas Michael Murado
                                Nicholas Michael Murado
                                Florida Bar # 102769
                                Murado Law, P.A.
                                2010 S.W. 99th Avenue
                                Miramar, Florida, 33025
                                Telephone: 754-816-2196
                                E-mail: muradolaw@gmail.com